IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIABOLIC VIDEO PRODUCTIONS, INC., | No. C 11-2831 RS |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DISMISSING DEFENDANTS DOES 3-2099; GRANTING MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY AS TO DOE 2** |
| DOES 2-2099, | |
| Defendants. | |

This action was severed from *Diabolic Video Productions, Inc. v. Does 1-2099*, 10-5865 PSG, by the assigned magistrate judge, in an order entered on May 31, 2011. The May 31st order in part constituted a Report and Recommendation that this action be dismissed without prejudice, on grounds that joinder of Does 2-2099 in the original action was improper. As to Doe 1, who remains the defendant in the original case, the May 31st order granted the application of plaintiff Diabolic Video Productions, Inc. for leave to conduct limited discovery as to his or her identity.[1] Diabolic

---

[1] The complaint describes each Doe as a computer user to whom an Internet Service Provider assigned a particular Internet Protocol ("IP") address at the time an unauthorized downloading of plaintiff's copyrighted motion picture allegedly was made to that IP address. Given the fact that many home wireless networks are not secured, it is likely that in at least some instances the persons who engaged in the alleged acts of copyright infringement were not the Does to whom the IP addresses were assigned. While this possibility would not preclude Diabolic from conducting the

has objected to the recommendation for dismissal of Does 2-2099, and renews its request to be permitted to conduct discovery as to their identities.

Diabolic's arguments that joinder of all these Doe defendants in a single action should be permitted are not persuasive. It may very well be that developments in technology have facilitated unauthorized copying and distribution of media on a scale that present challenges for a copyright holder to address through the legal system, and the burdens to such plaintiffs of pursuing separate suits against defendants may be significant. Those concerns, however, do not permit a court to rewrite the Federal Rules of Civil Procedure governing joinder on a case-by-case basis. The Court adopts in whole the reasoning and conclusions of the May 31st order as to why joinder of Does 2-2099 was improper.

That said, this action has now been opened as a separate case, for which Diabolic has already been required to file a separate filing fee. As Diabolic points out, misjoinder is not grounds for dismissal of an entire action, which its claims against Does 2-2099 have now become. Accordingly, Does 3-2099 will be dismissed without prejudice. The action shall proceed solely against Doe 2.

As to Doe 2, Diabolic's motion for leave to take discovery is granted as follows:

IT IS HEREBY ORDERED that Diabolic is allowed to serve immediate discovery on Doe 2's ISP listed in Exhibit A to the Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify Doe 2, including the name, addresses, telephone numbers, and email addresses of Doe 2. Diabolic's counsel shall issue its subpoena in substantially the same form as the example attached as Exhibit 2 to Diabolic's Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference filed in Case No. 10-5865 PSG, and shall include a copy of this order.

IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service upon it to serve Doe 2 with a copy of the subpoena and a copy of this order. The ISP may serve Doe 1 using any reasonable means, including written notice sent to Doe 2's last known address, transmitted either by first-class mail or via overnight service. The ISP and Doe 2 each shall have 30 days from the date of service to file any motions in this court contesting the subpoena (including a motion to

---

discovery it seeks, it does mean that actions like this present a potential for abuse, depending on how a particular plaintiff chooses to conduct its investigation and to present settlement demands.

1 quash or modify the subpoena). If that 30-day period lapses without Doe 2 or the ISP contesting the
2 subpoena, the ISP shall have 10 days to produce to Diabolic the information responsive to the
3 subpoena with respect to Doe 2.

4     IT IS FURTHER ORDERED that the ISP shall not assess any charge to Diabolic in advance
5 of providing the information requested in the subpoena, and that the ISP that receives a subpoena
6 and elects to charge for the costs of production shall provide a billing summary and cost reports that
7 serve as a basis for such billing summary and any costs claimed by the ISP.

8     IT IS FURTHER ORDERED that the ISP shall preserve all subpoenaed information pending
9 the ISP's delivering such information to Diabolic or the final resolution of a timely filed and granted
10 motion to quash the subpoena with respect to such information.

11     IT IS FURTHER ORDERED that any information disclosed to Diabolic in response to a
12 subpoena may be used by Diabolic solely for the purpose of protecting its rights under the
13 Copyright Act, 17 U.S.C. § 101 et seq.

14     IT IS FURTHER ORDERED that Does 3 through 2099 are dismissed from this action,
15 without prejudice.

17 Dated: 9/12/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE